IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-CV-366

BRITTANY PHILLIPS, and
RICHARD PHILLIPS,

     Plaintiffs,

v.

UNITED STATES OF AMERICA, by and through
High Plains Community Health Center, and
Barry Portner, M.D.,

     Defendant.

---

## COMPLAINT FOR DAMAGES

---

COME NOW Plaintiffs, through their undersigned counsel, Gregory R. Stross,

Attorney At Law, and complain as follows:

1.     This is a claim filed under the Federal Tort Claims Act, pursuant to

28 U.S.C. § 2671, *et seq.*

I.     <u>INTRODUCTION</u>

2.     This is a professional negligence case involving a medical doctor's failure

to properly perform a common obstetrical procedure.  Plaintiff Brittany Phillips

("Ms. Phillips") suffered a miscarriage at approximately ten weeks into a pregnancy,

following which Dr. Barry Portner, an employee of the High Plains Community Health

Center, attempted, and failed, to properly perform the appropriate medical procedure to

remove the fetus.

3.     Uninformed and unaware of the doctor's failure to properly remove the fetus, for eight hours following the procedure Phillips suffered substantial pain and bleeding and, without warning, passed the fully-formed, deceased fetus into the toilet at her home.  Ms. Phillips then required the assistance of her husband to cut the fetus free and assist her in obtaining further medical care at the local hospital.

4.     Ms. Phillips and her husband, Richard Phillips ("Mr. Phillips"), both suffered substantial emotional trauma from the events of that evening, which were the direct and proximate result of Dr. Portner and High Plains Community Health Center's negligent care of Ms. Phillips.  Ms. Phillips has suffered past economic losses and will incur future medical costs for therapeutic counsel related to these events.  Mr. Phillips will incur future therapeutic counseling costs.  Both Ms. Phillips and Mr. Phillips have suffered loss of consortium of one another's company.

## II.    JURISDICTION AND VENUE

5.     Plaintiffs incorporate paragraphs 1 through 4 as if set forth fully herein.

6.     Plaintiffs have satisfied the jurisdictional prerequisites of 28 U.S.C. § 2675(a).  An administrative claim against the United States was filed on July 28, 2015 and no final disposition of the claim was reached within six months thereafter.  Having not been provided with a response to the demands made, Plaintiffs have deemed the lack of final disposition as a final denial of their claims and elect to proceed to suit.

7.     Jurisdiction in this Court is appropriate pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.*, and 28 U.S.C. §1346(b)(l).

8.      Venue in the District of Colorado is proper because the negligence complained of by the agents and employees of the Defendant United States of America, causing the injuries to Plaintiffs, occurred within the State and District of Colorado.

### III.    PARTIES

9.      Plaintiffs incorporate paragraphs 1 through 8 as if set forth fully herein.

10.     Plaintiffs Brittany Phillips and Richard Phillips are husband and wife. Brittany and Richard Phillips are citizens of the United States.  At all relevant times related to the claims herein, Brittany and Richard Phillips were residents of the city of Lamar, Prowers County, State of Colorado.  Brittany and Richard Phillips now reside in the city of Las Animas, Bent County, Colorado.

11.     High Plains Community Health Center is located at 201 Kendall Drive, Lamar, Prowers County, Colorado.

12.     High Plains Community Health Center is a grantee under 42 U.S.C. 254b, and has been deemed by the Secretary of the Department of Health as a Public Health Service employee under 42 U.S.C. 233(g)-(n), and therefore is subject to the Federal Tort Claims Act, at 28 U.S.C. §§ 2671-2680.

13.     At all times relevant to this matter, Barry Portner was a physician specializing in obstetrics and gynecology, and was licensed to practice medicine in the State of Colorado.

14.     At all times relevant to this matter, Dr. Portner and the staff of High Plains Community Health Center, whose acts and omissions are referenced herein, were the

employees and/or agents of the Defendant United States of America and were acting

within the course and scope of their employment or agency.

IV.   FACTUAL BACKGROUND RELEVANT
TO ALL CLAIMS

15.   Plaintiffs incorporate paragraphs 1 through 14 as if set forth fully herein.

16.   After giving birth to her first child in 2013, and despite having an IUD birth

control device placed into her uterus, Ms. Phillips became pregnant in April 2014.  High

Plains Community Health Center confirmed the pregnancy through urinalysis on May

28, 2014 and provided follow-up, prenatal care to Ms. Phillips that included clinic visits

on July 3, 2014, August 6, 2014, and August 19, 2014.

17.   The August 19, 2014 appointment was unscheduled, prompted by vaginal

bleeding experienced by Ms. Phillips.  As a result of this clinic visit and an ultrasound

performed the same day at the Prowers Medical Center, it was determined that the

fetus was demised.

18.   High Plains Community Health Center sought to have Ms. Phillips

immediately undergo either a Dilation and Curettage procedure ("D&C") or a Dilation

and Evacuation procedure ("D&E") in order to remove the demised fetus, however, a

lack of available medical facilities required that it be scheduled for Thursday, August 21,

2015, to be conducted by Dr. Portner.  The single purpose of the intended medical

procedure was to remove all fetal tissue.

19.   The Prowers Medical Center is a separate regional hospital in Lamar,

Colorado, that is used by High Plains Community Health Center physicians for

operations and procedures that cannot be conducted at the High Plains' office and

examination facility.  On August 21, 2015, accompanied by her husband, Ms. Phillips

went to the Prowers Medical Center where Dr. Portner purported to undertake a D&C or

D&E.

20.     After being informed by the doctor that the procedure was completed and

that it went well, without complications, Ms. Phillips and Mr. Phillips returned home

believing the fetus had been removed.  Ms. Phillips spent the remainder of the day at

home with her husband and their one-year-old daughter, attempting to rest.

Ms. Phillips, however, suffered extreme cramping and abdominal pain throughout the

day.

21.     At approximately 6:00 p.m., while lying on a couch in her living room, in

addition to the severe pain, Ms. Phillips experienced rapid and substantial vaginal

bleeding.  Ms. Phillips went to the bathroom and sat on the toilet, where her cramping

continued at a level that caused her to become extremely distraught.  After a period of

time, she realized that she had vaginally passed tissue into the toilet. She discovered

she had passed the full, demised fetus that she believed Dr. Portner had removed

earlier in the day.

22.     Because the umbilical cord to the fetus remained attached, Ms. Phillips

was unable to leave the bathroom and called out to her husband for his assistance.

23.     Mr. Phillips came to the bathroom and learned of the situation.  He then

located scissors, cut the umbilical cord, and retrieved the fetus from the toilet.

24.    Ms. Phillips and Mr. Phillips immediately then returned to the Prowers Medical Center for follow-up evaluation and treatment by on-duty staff.  The Phillipses were accompanied by their one-year-old daughter because there was no available child care immediately available.  At the hospital, the staff observed the Phillipses to be upset and "crying hysterically" upon arrival at the emergency room.

25.    Upon departing from the Prowers Medical Center on the evening of August 21, 2014, the Phillipses were given the demised fetus by the nursing staff for burial.  They left the hospital in a highly distraught state and returned home.

26.    Subsequent to these events, the Phillipses learned that Dr. Portner was professionally sanctioned or admonished on a number of previous occasions for providing substandard professional care to patients.

27.    The Phillipses also learned that Dr. Portner had been previously employed by the Prowers Medical Center and been terminated by the hospital in 2013 due to his providing substandard patient care.  They also later learned that in 2015, Prowers Medical Center revoked Dr. Portner's hospital privileges due, in part, to the negligent and substandard care given to Ms. Phillips.

28.    In 2014, shortly after being terminated as an employee from Prowers Medical Center, Dr. Portner was hired by High Plains Community Health Center.

29.    Upon information and belief, High Plains Community Health Center was fully aware of Dr. Portner having been professionally sanctioned or admonished on a number of occasions at the time he was hired

Case 1:16-cv-00366-RPM   Document 1   Filed 02/15/16   USDC Colorado   Page 7 of 12


30.    Upon information and belief, High Plains Community Health Center was fully aware of Dr. Portner having been terminated for cause by the Prowers Medical Center.

31.    Upon information and belief, High Plains Community Health Center was fully aware that the termination from Prowers Medical Center was based upon Dr. Portner having provided substandard patient care.

## V.    FIRST CLAIM FOR RELIEF
### Negligence
Brittany Phillips - United States of America
(through Barry Portner)

32.    Plaintiffs incorporate paragraphs 1 through 31 as if set forth fully herein.

33.    High Plains Community Health Center, its employees, and Barry Portner, were at all relevant times agents of the United States of America and acting within the course and scope of their office or employment.

34.    On August 21, 2014, Brittany Phillips placed herself under the care and treatment of Barry Portner for healthcare treatment related to removal of the demised fetus.

35.    Barry Portner owed Brittany Phillips a duty to exercise that degree of care, skill, caution, diligence, and foresight, exercised by and expected of healthcare providers in similar situations.

36.    Barry Portner, who undertook Brittany Phillips's treatment, deviated from that standard of care and was negligent in his care and treatment of Brittany Phillips by, among other things:

A.   Failing to properly conduct a Dilation and Curettage procedure;

B.   Failing to properly conduct a Dilation and Evacuation procedure;

C.   Failing to properly inform Brittany Phillips of the procedure intended to be performed;

D.   Failing to properly inform Brittany Phillips of the risks of the procedure intended to be performed; and

E.   Failing to inform Brittany Phillips of the failure of the procedure actually performed;

37.   As a direct and proximate result of the negligence of Barry Portner, Brittany Phillips suffered injuries, damages, and losses, including, but not limited to, incurred expenses and emotional distress.  Brittany Phillips will suffer future damages and losses for therapy, medicines, and loss of ability to enjoy a full and useful life.  The amount of damages suffered by Brittany Phillips is to be determined by the trier of fact.

## VI.   SECOND CLAIM FOR RELIEF
**Reckless Infliction of Emotional Distress**
Brittany Phillips - United States of America
(through Barry Portner)

38.   Plaintiffs incorporate paragraphs 1 through 37 as if set forth fully herein.

39.   Barry Portner's actions were reckless or intended to cause the plaintiff severe emotional distress by,

A.   Failing to properly conduct the procedure to remove the fetus;

B.   Failing to inform Ms. Phillips that the fetus had not been removed, as she expected; and

C.   Failing to inform Ms. Phillips of the high likelihood that she would suffer extreme pain and that the fetus could or would pass without other warning.

40.     Barry Portners actions caused the plaintiff to suffer severe emotional distress and severe mental suffering.

41.     As a direct and proximate result of Dr. Portner's extreme and outrageous conduct, Ms. Phillips suffered injuries, damages, and losses, including, but not limited to, incurred expenses and severe emotional distress and severe mental suffering.  The amount of damages suffered by Brittany Phillips is to be determined by the trier of fact.

VII.     THIRD CLAIM FOR RELIEF
**Negligent Hiring**
Brittany Phillips - United States of America
(through High Plains Community Health Center)

42.     Plaintiffs incorporate paragraphs 1 through 41 as if set forth fully herein.

43.     High Plains Community Health Center employed Barry Portner as a medical doctor.

44.     High Plains Community Health Center had a duty to employ proper persons for tasks that may involve risk to others.

45.     High Plains Community Health Center breached its duty by employing Barry Portner as a medical doctor knowing, or having should have known, that Portner was at that time unqualified or incapable of providing services as a medical doctor at the required standard of care.

46.     As a direct and proximate result of High Plains Community Health Center's negligent hiring of Barry Portner, Brittany Phillips suffered injuries, damages, and losses, including, but not limited to, incurred expenses and emotional distress. Brittany Phillips will suffer future damages and losses for therapy, medicines, and loss

of ability to enjoy a full and useful life.  The amount of damages suffered by Brittany

Phillips is to be determined by the trier of fact.

VIII.   <u>FOURTH CLAIM FOR RELIEF</u>
**Negligence Supervision and/or Retention**
Brittany Phillips – United States of America
(through High Plains Community Health Center)

47.     Plaintiffs incorporate paragraphs 1 through 46 as if set forth fully herein.

48.     High Plains Community Health Center employed Barry Portner.

49.     High Plains Community Health Center had a duty to properly supervise

and/or retain Barry Portner in his employment.

50.     High Plains Community Health Center breached its duty when it failed to

provide an appropriate level of oversight of Barry Portner's medical practice, knowing,

or having should have known, that numerous previous allegations of substandard

medical care had been asserted against Portner and that he had been sanctioned or

admonished on at least three occasions.

51.     As a direct and proximate result of High Plains Community Health

Center's negligent supervision and/or retention of Barry Portner, Brittany Phillips

suffered injuries, damages, and losses, including, but not limited to, incurred expenses

and emotional distress.  Brittany Phillips will suffer future damages and losses for

therapy, medicines, and loss of ability to enjoy a full and useful life.  The amount of

damages suffered by Brittany Phillips is to be determined by the trier of fact.

IX.     FIFTH CLAIM FOR RELIEF
**Loss of Consortium**
Brittany Phillips - United States of America
(through Barry Portner and High Plains Community Health Center)

52.     Plaintiffs incorporate paragraphs 1 through 51 as if set forth fully herein.

53.     As a result of the injuries sustained by Brittany Phillips, she has suffered a loss of society, companionship, comfort, and consortium, from and with her husband, Richard Phillips.

X.     SIXTH CLAIM FOR RELIEF
**Loss of Consortium**
Richard Phillips - United States of America
(through Barry Portner and High Plains Community Health Center)

54.     Plaintiffs incorporate paragraphs 1 through 53 as if set forth fully herein.

As a result of the injuries sustained by Brittany Phillips, Richard Phillips has suffered a loss of society, companionship, comfort, and consortium, from and with Brittany Phillips.

XI.     REVIEW PURSUANT TO C.R.S. §16-20-602

55.     Plaintiffs incorporate paragraphs 1 through 54 as if set forth fully herein.

56.     In accordance with C.R.S. §13-20-602, Plaintiffs' attorney shall file with the court a certificate of review for the professional named as the negligent person for whom Defendant United States is responsible, within sixty days after the service of the complaint, unless the court determines that a longer period is necessary for good cause shown.

XII.    PRAYER FOR RELIEF

WHERFORE, Plaintiffs Brittany Phillips and Richard Phillips respectfully pray for economic compensatory damages in their favor and as against Defendant United States of America, in amounts to be determined by the trier of fact, with costs and post-judgment interest as may be allowed by law, and such other and further relief as the Court may deem appropriate.

DATED:       February 15, 2016
             Denver, Colorado


                             GREGORY R. STROSS
                             Attorney At Law

                             By: s/Gregory R. Stross
                             Gregory R. Stross
                             1625 – 17th Street, Suite 300
                             Denver, CO  80202
                             303-339-0647
                             gstross@strosslegal.com


Address of Plaintiffs
640 Grove Avenue
Las Animas, CO 80154